UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:19-CR-000107-KJM |
| Plaintiff, | |
| v. | ORDER |
| RONALD YANDELL et al., | |
| Defendants. | |

On September 8, 2019, defendant Michael Torres filed a motion for an order directing staff at California State Prison–Sacramento ("CSP–Sacramento"), where he is being held, to "grant him full pro per privileges," including use of his own typewriter and printing machine. Mot., ECF No. 191. The government opposed. Opp'n, ECF No. 217. Torres filed a reply. Reply, ECF No. 244.

Torres' motion initially requested that he be granted Priority Legal User access to the law library at CSP–Sacramento on an ongoing basis. The court has granted that request on a separate basis and therefore the motion is moot in this regard. *See* Order Granting PLU Access, ECF No. 493. That order is the subject of a recent motion by the California Department of Corrections and Rehabilitation (CDCR), which the court heard recently and which now is the subject of meet and confer efforts led by the federal prosecutor; the court will address the CDCR motion in greater detail if necessary in a separate order. Because that order largely moots this

motion, the court addresses the only issue that remains live and unresolved: whether Torres is entitled to a typewriter and printing machine.

Torres requests that he be allowed to use, and possess in his cell, a typewriter and Swintech[1] printing machine. Mot. at 1. The government's opposition represents CSP–Sacramento has a policy that inmates in administrative segregation are not allowed to have typewriters because they can be deconstructed to make weapons or hide other contraband. Opp'n, Ex. 1, Declaration of Teri Kraemer ("Kraemer Decl.") ¶ 2, ECF No. 217-1. Torres' reply asserts another inmate has a typewriter and printing machine and clarifies that he wants access to his own typewriter and printing machine, which he purchased while at the Pelican Bay Security Housing Unit (SHU). Reply at 2.

The government cites Torres' rule violations for possessing a contraband cell phone, incurred between March 8, 2016 and June 4, 2019, as a legitimate penological justification for imposing restrictions on Torres to prevent his future introduction of contraband. Opp'n at 4–5. Torres claims the cell phone found in his cell was planted by CDCR staff and points to declarations by inmates in neighboring cells as evidence. Reply at 4, 6–7.[2] For support, he cites a ruling extending the duration of the settlement agreement in *Ashker v. Newsom*, 2019 WL 330461, 09-cv-05796-CW-RMI (N.D. Cal. Jan. 25, 2019), finding that CDCR officials portrayed their own investigatory conclusions as the statements of informants at Pelican Bay in an unrelated inmate litigation. Reply, ECF No. 244 at 9-23. Torres does not allege any relation between the findings of the magistrate judge in that case and any CDCR staff now employed at CSP–Sacramento.

It is not a requirement of the Constitution that prisoners be provided typewriters or printing machines. *Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 858 (9th Cir. 1985). Torres does not have a right to a typewriter or printing machine, whether his own or one provided to him by authorities.

---

[1] Swintech is a brand name.

[2] Torres' reply includes the declarations, which are paginated in sequence with the body of the reply.

2

1           Even if there were such a right to a typewriter or printing machine connected to the
2    trial rights associated with this criminal proceeding, CSP–Sacramento's restrictions would be
3    valid under *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (conditions of pretrial detention reasonably
4    related to legitimate governmental objective do not violate Eighth Amendment).  The rationale
5    the government advances for the policy is preventing inmates with documented rule violations
6    from deconstructing equipment such as a typewriter to make weapons or hide contraband.  There
7    is no indication the restriction on typewriters is imposed with an intent to punish, and it does not
8    appear to this court that the reason advanced for the policy is "arbitrary or purposeless."  *Id.* at
9    539.  The policy leaves open the alternative of Torres' handwriting his filings.  To find otherwise
10   would subject CSP–Sacramento to the significant burden of regularly inspecting typewriters used
11   by inmates in administrative segregation without any assurance of complete effectiveness.  It is
12   Torres' burden to "point to an alternative that fully accommodates the prisoner's rights at *de*
13   *minimis* cost to valid penological interests" as evidence that the regulation is an "exaggerated
14   response" and thus not reasonable.  *Thornburgh v. Abbott*, 490 U.S. 401, 419 (1989).  Torres does
15   not propose any alternative regulation or practice that would allow him to possess such materials
16   in his cell while avoiding the security issues cited by the government.

17           Torres claims he was allowed to purchase his own typewriter and printing machine
18   from a CDCR-approved vendor while in state custody in the SHU at Pelican Bay in 2009.  Reply
19   at 2.  His reliance on policies in place ten years ago at a different CDCR facility, when he was in
20   state custody alone, is misplaced.  Whether a different facility with different regulations provided
21   different privileges ten years in the past is not relevant to the validity of the current regulation to
22   which Torres is subject.  Torres claims that another inmate, G. Hines, has a typewriter and
23   Swintech printing machine in his possession and provides a declaration to that effect.  Reply at 5.
24   It is not clear whether inmate Hines is subject to the same restrictions as Torres.  Hines is not a
25   codefendant in the current case.  The court has inadequate information to determine whether
26   Hines' situation is analogous, as Torres appears to suggest.

27           Because there is no right to possess a typewriter and printing machine, and the
28   regulations barring Torres from having them serve a legitimate penological interest, the court

3

DENIES Torres' request that he be provided with his typewriter and printing machine.  The balance of Torres' motion, ECF No. 191, is DENIED as moot.

        IT IS SO ORDERED.

DATED: October 6, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE